LMH

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Torres Montes,      )<br>                              )<br>        Plaintiff,            )<br>                              )<br>vs.                           )<br>                              )<br>Maricopa County Sheriff's Office, et al., )<br>                              )<br>        Defendants.           )<br>_____) | No. CV 05-3885-PHX-DGC (MEA)<br><br>**ORDER** |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff is an inmate at the Lower Buckeye Jail in Phoenix, Arizona. The Court will require Defendant Arpaio to answer Counts I and II of the Complaint, and will dismiss Count III and the Maricopa County Sheriff's Office.

**A.     Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $9.55 (based on an average monthly

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1  deposit of $45.50) will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate
2  order, the Court will direct the appropriate agency to collect the initial partial filing fee from
3  Plaintiff's trust account and forward it to the Clerk of Court. Thereafter, Plaintiff will be
4  obligated for monthly payments of 20 percent of the preceding month's income credited to
5  Plaintiff's trust account. The Court will direct the appropriate agency to collect these
6  monthly payments, which will be forwarded to the Clerk of Court each time the amount in
7  Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).
8  Plaintiff should take notice that if he is released before the filing fee is paid in full, he
9  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
10 release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
11 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
12 he is unable to pay the remainder of the filing fee.

### B.     Statutory Screening of Prisoner Complaints

14 The Court is required to screen complaints brought by prisoners seeking relief against
15 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
16 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
17 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
18 may be granted, or that seek monetary relief from a defendant who is immune from such
19 relief. 28 U.S.C. § 1915A(b)(1), (2).

### C.     Complaint

21 Plaintiff sues the Maricopa County Sheriff's Office and its sheriff, Joseph Arpaio. At
22 the outset, the Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the
23 responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
24 See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative
25 creation of the county sheriff to allow him to carry out his statutory duties, and not a
26 "person" amenable to suit pursuant to § 1983. Accordingly, the Maricopa County Sheriff's
27 Office will be dismissed from this action.

28

In his Complaint Plaintiff alleges that (1) he suffered skin infections from the overcrowded and unsanitary conditions; (2) he contracted illnesses because the area was not properly ventilated and the ceiling had peeling asbestos tiles; and (3) he was retaliated against by detention officers for asking for a grievance form. Plaintiff further alleges that Defendant Joseph Arpaio, the Maricopa County Sheriff, is liable because he oversees the operation and maintenance of the jails. These allegations adequately state a claim for Counts I and II, and the Court will require Defendant Arpaio to answer those counts of the Complaint.

The Court will not, however, require Defendant Arpaio to answer Count III. Plaintiff alleges that detention officers retaliated against him for complaining. This claim is not connected in any way to Defendant Arpaio, and it is not a reasonable inference from the allegations that in his role in overseeing the jail, Defendant Arpaio has a policy of allowing this type of retaliatory conduct. Accordingly, Count III will be dismissed without prejudice.

## D.     **Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. An initial partial filing of $9.55 is assessed. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) The Maricopa County Sheriff's Office is **dismissed**. Count III is **dismissed** without prejudice. The Clerk of Court shall send Plaintiff a service packet including the

1 Complaint, this Order, and both summons and request for waiver forms for Defendant
2 Arpaio.

3     (4) Plaintiff shall complete and return the service packet to the Clerk of Court within
4 20 days of the date of filing of this Order. The United States Marshal will not provide
5 service of process if Plaintiff fails to comply with this Order.

6     (5) If Plaintiff does not either obtain a waiver of service of the summons or complete
7 service of the Summons and Complaint on each Defendant within 120 days of the filing of
8 the complaint or within 60 days of the filing of this Order, whichever is later, the action may
9 be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of
10 Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

11     (6) The United States Marshal shall retain the Summons, a copy of the Complaint,
12 and a copy of this Order for future use.

13     (7) The United States Marshal shall notify Defendant of the commencement of this
14 action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
15 Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The
16 Marshal shall file waivers of service of the summons or requests for waivers that were
17 returned as undeliverable as soon as they are received. If a waiver of service of summons
18 is not returned by a Defendant within thirty days from the date the request for waiver was
19 sent by the Marshal, the Marshal shall:

20     (a) Personally serve copies of the Summons, Complaint, and this Order upon the
21     Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

22     (b) Within 10 days after personal service is effected, file the return of service for
23     the Defendant, along with evidence of the attempt to secure a waiver of service of the
24     summons and of the costs subsequently incurred in effecting service upon the
25     Defendant. The costs of service shall be enumerated on the return of service form
26     (USM-285) and shall include the costs incurred by the Marshal for photocopying
27     additional copies of the Summons, Complaint, or this Order and for preparing new
28     process receipt and return forms (USM-285), if required. Costs of service will be

taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(11) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(13) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge

1  or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
2  may result in the pleading or document being stricken without further notice to Plaintiff.
3      (14)  This matter is referred to Magistrate Judge Mark E. Aspey under Local Rules
4  of Civil Procedure 72.1 and 72.2 for further proceedings.
5      DATED this 19th day of April, 2006.

*/s/ Daniel G. Campbell*
_____
David G. Campbell
United States District Judge

TERMPSREF

- 6 -